1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15

| | |
|---|---|
| JAMES D. ALLEN,<br><br>                              Plaintiff,<br>      vs.<br><br>L.E. SCRIBNER, Warden, et al.,<br><br>                              Defendant. | CASE NO. 07-CV-1746-H (AJB)<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION<br>AND DENYING MOTION TO<br>STAY PETITION |

16
17
18
19
20
21
22
23
24
25
26
27
28

On September 4, 2007, Petitioner filed a motion to stay his federal petition. (Doc. No. 3.) On January 23, 2008, following briefing by both parties, the Magistrate Judge issued a Report and Recommendation denying the motion for a stay, but providing Petitioner with options for his unexhausted claims. (Doc. No. 17.) The order provided that Petitioner could file objections on or before February 13, 2008. As of the date of this order, Petitioner has not filed any objections to the Report and Recommendation.

In Rhines v. Winter, 544 U.S. 269, 278 (2005), the Supreme Court directed courts to stay federal petitions in limited cases where "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." The Court concludes that the Report and Recommendation properly applied the standard of Rhines v. Winter in concluding that these circumstances did not constitute good cause for

applying the stay procedure.  Petitioner did not object to this conclusion and did not advocate the merits of his unexhausted claims when opposing the motion.

Accordingly, the Court ADOPTS the Report and Recommendation and DENIES the motion for stay.  In the Report and Recommendation, the Magistrate Judge set forth two options for petitioner, and a schedule for each option.  In accordance with the Magistrate Judge's Report and Recommendation, Petitioner may either: (1) voluntarily dismiss the petition, or (2) formally abandon the unexhausted claims.  Based on the timing of this order, the Court concludes that it should grant Petitioner additional time to choose his option.  Accordingly, the Court amends the schedule set forth in the Report and Recommendation as follows:

### *1) First Option: Voluntarily Dismiss the Petition*

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. See Rose v. Lundy, 455 U.S. at 510, 520-21 (1982) (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims").  If Petitioner chooses this option, he must file a pleading with this Court on or before **April 14, 2008**.  Respondent may file a reply on or before **May 11, 2008**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations.  Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies.  Duncan v. Walker, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).  Filing a petition in federal court does not stop the statute of limitations from running. Id. at 181-82; Frye v. Hickman, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

/ / /

/ / /

07cv1746

*2) Second Option: Formally Abandon Unexhausted Claim(s)*

Petitioner may formally abandon his unexhausted claim(s) and proceed with his exhausted one(s). See Rose, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this option, he must file a pleading with this Court on or before **April 14, 2008**. Respondent may file a reply on or before **May 11, 2008**. Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. See Slack v. McDaniel, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); see also 28 U.S.C. § 2244 (a)-(b).

Respondents shall reply to the options set forth above shall on or before **May 11, 2008** by filing a either a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 or an answer[1] pursuant to Rule 5 of the Rules Governing § 2254 cases.

If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **June 9, 2008**. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion. If Respondent files an answer, Petitioner may file a traverse to matters raised in the answer no later than **June 16, 2008**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

---

[1]At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

07cv1746

1   A request by a party for an extension of time within which to file any of the

2   pleadings required by this Order should be made in advance of the due date of the

3   pleading, and the Court will grant such a request only upon a showing of good cause.

4   Any such request shall be accompanied by a declaration under penalty of perjury

5   explaining why an extension of time is necessary.

6   Unless otherwise ordered by the Court, this case shall be deemed submitted on

7   the day following the date Petitioner's opposition to a motion to dismiss and/or his

8   traverse is due.  Every document delivered to the Court must include a certificate of

9   service attesting that a copy of such document was served on opposing counsel (or on

10   the opposing party, if such party is not represented by counsel).  Any document

11   delivered to the Court without a certificate of service will be returned to the submitting

12   party and will be disregarded by the Court.

13   The Magistrate Judge may modify this briefing schedule and procedure upon a

14   showing of good cause.

15   IT IS SO ORDERED.

16   DATED:  March 11, 2008

17

18   MARILYN L. HUFF, District Judge
    UNITED STATES DISTRICT COURT

19

20   COPIES TO:
    All parties of record.

21

22

23

24

25

26

27

28

07cv1746